E-FILED
Wednesday, 28 December, 2022  02:58:57 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 22- |
| | ) | |
| KERRY INC., | ) | VIO: Title 21, United States Code, |
| | ) | Sections 331(a) and 333(a)(1) |
| Defendant. | ) | |

## **I N F O R M A T I O N**

THE UNITED STATES OF AMERICA CHARGES:

At all times material:

Kerry Inc. ("Kerry"), is a Delaware corporation that manufactures and sells food ingredients, flavors, and ready-to-eat products, and is a subsidiary of Kerry Group, an Ireland-based company. Kerry is headquartered in Beloit, Wisconsin, and manufactured cold cereal branded as Kellogg's Honey Smacks at its plant in Gridley, Illinois.

## COUNT 1
**(Introducing Adulterated Food into Interstate Commerce)**

Between on or about June 1, 2016, and on or about June 12, 2018, in the Central District of Illinois district and elsewhere, the defendant,

**KERRY INC.,**

did cause the introduction of adulterated food, namely cold cereal branded as Kellogg's Honey Smacks, into interstate commerce, namely, the food was adulterated under the Food, Drug, and Cosmetic Act because it was prepared under insanitary conditions whereby it may have been rendered injurious to human health,

In violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).

## FORFEITURE ALLEGATION
(28 U.S.C. § 2461(c), and 21 U.S.C. §§ 334 and 853(p))

Upon conviction of a violation of 21 U.S.C. §§ 331(a) and 333(a)(1), as set forth in Count One of this Information,

**KERRY INC.,**

the defendant herein, shall forfeit to the United States pursuant to Title 21, United States Code, Section 332 and Title 28, United States Code, Section 2461(c), any quantities of food which were adulterated when introduced into interstate commerce or while in interstate commerce, or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which were introduced into interstate commerce in violation of Title 21, United States Code, Section 331. If any of the property described above as being subject to forfeiture, which

valued approximately $8,740,000.00, as a result of any act or omission of the defendant:

     a. cannot be located upon exercise of due diligence;

     b. has been transferred or sold to, or deposited with, a third party;

     c. has been placed beyond the jurisdiction of this Court;

     d. has been substantially diminished in value; or

     e. has been commingled with other property that cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described herein,

All pursuant to 28 U.S.C. § 2461(c), and 21 U.S.C. §§ 334 and 853(p).

Respectfully Submitted,

AMANDA N. LISKAMM
ACTING DIRECTOR
U.S. DEPARTMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

By: *Cody Herche*
Cody Matthew Herche
Trial Attorney
James T. Nelson
Senior Trial Attorney
United States Department of Justice
Consumer Protection Branch
450 5th Street NW, Suite 6400
Washington, D.C. 20001